CLARK *v.* BRECKENRIDGE.

BOUNDARIES—ADJOINING LANDOWNERS—TRESPASS—INJUNCTION.
In a suit to enjoin a trespass on plaintiffs' land, where their evidence tended to support their contention that defendants' garage was over on plaintiffs' land nearly four feet, and defendants made no showing of title to the strip of land in question either by deed or adverse possession, the decree of the court below in favor of plaintiffs was justified.

Appeal from Oakland; Gillespie (Glenn C.), J.    Sub-

Boundaries, 9 C. J. § 343.

mitted April 14, 1926. (Docket No. 91.) Decided October 4, 1926. Rehearing denied January 3, 1927.

Bill by Ora J. Clark and another against James Breckenridge and Florence Breckenridge to enjoin a trespass on plaintiffs' land. On motion of defendants, Mrs. A. L. Murphy Vhay, the common vendor, was made a party defendant. From a decree for plaintiffs, defendants Breckenridge appeal. Affirmed.

*J. A. & C. C. Tillson,* for appellants.

*Perry & Lynch,* for defendant Vhay.

BIRD, C. J.     Defendant Mrs. A. L. Murphy Vhay purchased two adjoining parcels of land, each 35 feet wide, on Osmun street, in the city of Pontiac. She conveyed the west 35 feet to plaintiffs' grantor, describing the same as follows:

"Commencing at the southeast corner of the Industrial addition to the city of Pontiac, thence east along the north line of Osmun street a distance of thirty-five (35) feet, thence north to the line between Henry Aderholt and Ferris N. Smith land, thence west along said line to the east line of said Industrial addition, thence south to the place of beginning."

Mrs. Vhay sold the other parcel to defendants Breckenridge on land contract, describing it as follows:

"House No. 251 Osmun street, Pontiac, Oakland county, Michigan, with lot to same, Commercial Heights addition to the city of Pontiac, according to the recorded plat thereof."

Plaintiffs went into possession in 1916 and defendants Breckenridge in 1913. They did not agree where the line was between them. Clark had the line surveyed which showed Breckenridge was over on Clark with his garage nearly four feet. They were still unable to agree, and this suit was commenced and an

injunction secured inhibiting the defendants from trespassing on the disputed strip.

The plaintiffs, to establish their contention, produced the surveyor who made the survey.   He testified plaintiffs' lot at the front was 35 feet, at the rear it was somewhat less.   The assessor's plat was also received. It showed two pieces, each having a frontage of 35 feet.   This proof, together with the deed and surrounding circumstances, favors the contention of plaintiffs.   The defendant Breckenridge bases his contention on the fact that when he purchased the lot Mrs. Vhay owned both of them and that when Mr. Pangborn, Mrs. Vhay's agent, showed defendant the lots he pointed out where the line was between them, and that that line has been acquiesced in for five or six years.   The plaintiffs' case is very persuasive that their contention is the correct one.   Defendants make no showing by their deed that plaintiffs are mistaken. Defendants show no title by adverse possession.   We conclude, as the chancellor did, that without some showing by one of these methods the defense must fail.

The decree will be affirmed, with costs of both courts to plaintiffs, and costs to Mrs. Vhay.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.